IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18-cr-30016-SMY |
| | ) |
| TERRANCE CLARK, | ) |
| | ) |
| Defendant. | ) |

# ORDER

**YANDLE, District Judge:**

      Defendant Terrance Clark was sentenced on October 30, 2018 to 120 months imprisonment for conspiracy to distribute cocaine (Count 1) (Docs. 28, 31).  Clark moved for compassionate release pursuant to the First Step Act of 2018 due to the COVID-19 global pandemic (Doc. 133).  On June 21, 2021, the undersigned denied the motion, finding that Clark's request for compassionate release was barred by his plea agreement (Doc. 153).

      Now pending before the Court is Clark's second motion for compassionate release (Doc. 158).  As noted in this Court's Order denying his initial motion for compassionate release, Clark is barred from seeking compassionate release by the plain terms of his plea agreement: "Defendant knowingly and voluntarily waives the right to seek modification of, or contest any aspect of, the conviction or sentence in any type of proceeding…" (Doc. 67, at p. 7).  The Seventh Circuit has found that a knowing and voluntary waiver of that right in a plea agreement is enforceable and held that identical language precludes a motion for compassionate release under the First Step Act of 2018, 18 U.S.C. § 3582(c)(1)(A) (2018), and *see United States v. Bridgewater*, 995 F.3d 591, 602 (7th Cir. 2021).  Clark's renewed motion does not challenge the enforceability of his plea

agreement or dispute that his plea agreement waiver was knowing and voluntary. Thus, the plea waiver is valid and enforceable.

Accordingly, Defendant's second motion for compassionate release (Doc. 158) is **DENIED.**[1]

**IT IS SO ORDERED.**

DATED: January 20, 2022

STACI M. YANDLE
United States District Judge

---

[1] The Government filed a motion seeking to dismiss Defendant's motion (Doc. 159). Because the proper means to dispose of a motion is by denial, The Governments motion is construed as its response in opposition to Defendant's motion. The Clerk of Court is **DIRECTED** to correct the docket accordingly.